WILLIAM BOYDEN AND CLARISSA BOYDEN v. WILLIAM N. McROBERTS, DAVID S. McROBERTS, AND MARY M. CLARK.

*Deed—Agreement for life-support—Bill to set aside conveyance—Decree.*

An aged father conveyed a life-estate in his farm to his son, in consideration of $1 and the payment by the son to his sister of

$100. The son gave his father a life-lease, coupled with an agreement to furnish him a life-support. The father then conveyed the fee of the land to his grandson, subject to his son's life-estate. After living with his son for a few months under this arrangement, the father left, by reason, as he claims, of cruel treatment and non-support, and conveyed the land to other parties, in consideration of their agreement to support him during his natural life, and soon afterwards joined with them in a bill to set aside the former deeds, but died before the hearing of the cause. And it is held that the father was justified in leaving his son's house, and in declaring the contract for support forfeited; and a decree is ordered to be entered in favor of the second grantees for the amount expended by them in the support of the father, which sum is to be a first lien upon the land, and may be paid by the son or daughter or grandson within 90 days, and, in default, the second grantees may sell the land upon like notice as in foreclosure cases.

Appeal from Clinton. (Daboll, J.) Argued October 9, 1891. Decided October 30, 1891.

Bill to remove cloud from title. Complainants and defendant William N. McRoberts appeal. Decree reversed, and one entered in this Court for complainants. The facts are stated in the opinion.

*Davis & Nichols,* for complainants.

*Spaulding & Walbridge,* for defendants McRoberts.

*Charles M. Merrill,* for defendant Clark.

LONG, J. This bill is filed to set aside two deeds made by one James McRoberts.

The deeds were made on the 17th day of October, 1887, one to William N. McRoberts and the other to David S. McRoberts, two of the defendants in this suit. The deed to William N. McRoberts conveyed a life-interest in the premises described, the consideration named being one dollar, and a condition that William N. pay to his sister, Mary M. Clark, the other defendant, the sum of $100

within five years from the date thereof.  The other deed
conveyed to David S. the title in fee to the premises,
subject to the life-estate of William N.

At the time of the execution and delivery of these
deeds, William N. made and delivered to James McRob-
erts a lease of the premises for the term of his natural
life, and which lease also provided that William N. should
care for and maintain James during his life, furnish him
food and clothing, care and nursing in sickness, medical
attendance, and pay his funeral expenses at his decease.
He was to live in the family of William N.    James
McRoberts was then about 83 years of age.  He was the
father of William N. McRoberts, and the grandfather of
David S. McRoberts, a son of William N. McRoberts,
and an infant under 21 years of age.

It appears that the parties lived together from that
time until about April 1, 1888, when it is claimed by the
bill that William N. wholly failed, neglected, and refused
to carry out and perform his agreement to support, pro-
vide for, and maintain his father, who left the home of
William, and went to reside with complainants.    On
April 19, 1888, James McRoberts made, executed, and
delivered to the complainants a warranty deed of the
same premises, being the N. W. fractional $\frac{1}{4}$ of the N.
E. $\frac{1}{4}$ of section 4, town 7 N., of range 4 W., Clinton
county, Mich., containing 40.46 acres of land.  The con-
sideration expressed in this deed is $1,000.  The real
consideration, however, is the bond executed by the com-
plainants, reciting the giving of the deed to them, and
an agreement upon their part to furnish James McRoberts,
during his natural life,—

"A good and comfortable home in their family, with
necessary and suitable food, clothing, and necessaries of
life, care for, nurse, and furnish necessary medical attend-
ance when sick, and at his death to pay all funeral·

expenses necessary to give his body a good and decent burial."

At the time the bill was filed in the cause, July 10, 1888, James McRoberts was living, and was one of the complainants in the bill; and after the cause was at issue his testimony was taken before the time of hearing of the cause, under the statute giving the parties the right to take the same, by reason of his extreme age and infirmity, that the same might be perpetuated to be used upon the hearing. Before the hearing of the case, and on July 17, 1889, and while living with the complainants, James McRoberts departed this life. His death was suggested of record, and an order entered in court that the cause survive and proceed in the name of the other complainants.

On the hearing in the court below, the testimony being taken in open court, a decree was entered finding that William N. had not complied with the terms and conditions of his agreement with James, and that James was justified in leaving the premises of William by reason of the failure of William to comply with the terms and conditions of the lease. It was further found that William and Clarissa Boyden, the surviving complainants, having faithfully performed the terms and conditions of the bond by them given to James in consideration for the deed to them, were entitled to recover the sum of $320 from William N., and it was ordered that William N. pay the same within 60 days after the service of a copy of decree, and that, in default of such payment, the deed from James to William be set aside and held void, and, further, that the deed to the complainants from James be declared valid, with the right of possession thereunder of the premises. The court further decreed that the deed to David S. McRoberts be declared valid and of full force and effect, but subject to the terms

and conditions therein mentioned; and that Mary M. Clark, the other defendant, have a lien upon the premises for the sum of $100, subject to the deed of the complainants and the sum due them under the decree. It was further provided in the decree that, in case of default of the payment of the sum of $320, and the costs of the suit, complainants might, in lieu of taking possession of the premises, sell the interest of William N. therein, and give to the purchaser thereof a good and sufficient deed of conveyance.

The only condition mentioned in the deed from James to his grandson, David S., is that the title given is subject to the life-estate of William N., and not to take effect until the death of William.

From this decree complainants and defendant William N. McRoberts appeal.

It would profit no one to set out the testimony taken upon the hearing in the court below. It appears that when these three papers were drawn—that is, the deeds from James to William N. and David S., and the agreement from William to James—they were left in the hands of an attorney, to be delivered to the parties when William paid for the drawing of them, when the attorney was to see that the deed to David S. was recorded; that, prior to the delivery of the deeds, James notified the attorney not to deliver them; and that shortly thereafter Mr. Boyden, one of the complainants, also notified the attorney not to deliver them, and they were not delivered until after the time the deed was made to complainants, after which they were delivered to William N. McRoberts, and recorded.

We think the testimony abundantly shows that James was justified in leaving the premises and declaring the contract forfeited. These three papers must be construed together; that is, the two deeds and the agreement on

the part of William N. to care for his father. The treat-ment he received at the hands of his son William appears to have been cruel in the extreme. The deeds were made on October 17, 1887, and he left William's house the 1st of the next April, and at once declared the contract at an end, and notified the party who held the papers not to deliver them. If the testimony of James is true, he was assaulted and bruised by his son, and it is evident that William did not give his father that care and atten-tion which was contemplated by the contract, or which should have been inspired by his filial affection for a father, who was old and decrepit. It is only one of the many cases that come before us where aged people have given all their earthly possessions to some one of their children in the mistaken belief that they would have better care during their remaining years than by retain-ing their property themselves.

These deeds to William N. and David S. McRoberts had not been delivered at the time the deed was made to the complainants in this case, and it appears that the complainants gave to James that care and attention which his extreme old age and infirmities required. Dur-ing the last few months of his life, James was a great burden to the complainants, requiring constant care and attendance, and his infirmities were such that he was as helpless as an infant. For this care James intended that the complainants should have the property. The court below gave them a sum of money which it regarded as a sufficient recompense for all their care; but the difficulty in carrying out the decree of the court below is that the premises are not of sufficient value to realize the amount of the complainants' recovery from a sale of William N.'s interest. The premises are said to be worth from $800 to $1,000, being 40 acres of land, only partially improved.

The defendant David S. appeared by his guardian *ad*

*litem*, and it is insisted that his interest in the premises should not be disturbed. We do not feel inclined to set aside the two deeds to William N. and David absolutely, but we think the amount of complainants' recovery none too large, and the provision for complainants' recovery made by the court below too precarious and uncertain.

The decree of the court below must be set aside, and a decree entered in this Court in favor of the complainants for the amount found by the court below, with costs of both courts, which amount shall be a lien upon the premises in question prior to that of William N. and David S. McRoberts and Mary M. Clark, or either of them. They, or either of them, may pay the amount of complainants' claim within 90 days from the entry of said decree; and, in default thereof, the complainants may proceed to sell the premises, giving like notice as in case of foreclosure of mortgage.

The other Justices concurred.